F. W. MYERS & CO. (INC.) v. UNITED STATES (No. 3050 [1])

United States Court of Customs Appeals, May 21, 1928

*Barnes, McKenna & Halstead* (*Samuel M. Richardson* of counsel) for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*Ralph Folks* and *Fred J. Carter*, special attorneys, of counsel), for the United States.

[Oral argument April 11, 1928, by Mr. Richardson and Mr. Carter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

The merchandise involved in this appeal consists of small Christmas trees. They were assessed for duty by the collector at 10 per centum ad valorem as nonenumerated unmanufactured articles under paragraph 1459 of the Tariff Act of 1922.

The paragraph reads as follows:

PAR. 1459. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

The importer claims here that the merchandise is free of duty as "timber, * * * unmanufactured" under paragraph 1700 of the Tariff Act of 1922.

The pertinent part of paragraph 1700 reads as follows:

PAR. 1700. Wood: Logs; timber, round, unmanufactured, hewn, sided or squared otherwise than by sawing; pulp woods; round timber used for spars or in building wharves; firewood, handle bolts, shingle bolts; and gun blocks for gunstocks, rough hewn or sawed or planed on one side; sawed boards, planks, deals, and other lumber, not further manufactured than sawed, planed, and tongued and grooved; clapboards, laths, ship timber; all of the foregoing not specially provided for: * * *.

The case was submitted to the court below upon the following stipulation:

It is hereby stipulated between the parties hereto that the record in the case of Charles D. Bradbury v. United States (protest 79096–G, Abstract No. 1554) may be incorporated into the record herein, and that this case may be submitted upon the said record in protest 79096–G, and the official papers, in the instant case, and this stipulation.

It is further stipulated that the merchandise covered by the instant protest is similar in all respects to the Christmas trees covered by said protest 79096–G.

The Christmas trees in question were of the spruce and fir varieties. With reference to their size, the witness Bradbury said:

Q. Averaging about what?—A. I should judge, I don't know—many of these were table trees, I would not average the whole because that was a lot where many of them were table trees, but in general I can tell you what we ship.

Q. Speaking generally.—A. In general we ship trees that run about 8 to 15 feet.

No attempt was made by importer to prove commercial designation. Several witnesses testified that Christmas trees, generally, came within the common meaning of the word "timber."

One of the witnesses for the importer, Frank E. Towne, testified that he would "consider any growth, whether large or small, as timber, as timberland or timber." This expression seems to be in accord with the opinion of each of the importer's witnesses. It is interesting to note, however, that witness, Towne, testified on cross-examination as follows:

Q. You don't mean to say that a small Christmas tree 8 or 10 feet high, with the foliage all on, would be a good delivery in this country to any of your jobbers who buy wood, do you?—A. No.

Q. And you don't claim it to be a good delivery for lumber?—A. No.

Q. And it wouldn't be a good delivery for what is understood to be timber in the lumber markets, is it?—A. No; not that size.

The court below overruled the protest upon the authority of *United States* v. *Tower & Sons*, 13 Ct. Cust. Appls. 214, T. D. 41128.

In this case the court, in an opinion by Barber, judge, held that "small evergreen trees, commonly used as Christmas trees," were not "wood," "logs," or "timber" under paragraph 1700 of the Tariff Act of 1922, or "sticks" under paragraph 1703 of that act, but that they were dutiable at 10 per centum ad valorem under paragraph 1459. The court said:

It is quite true, when all the provisions for wood and its products in the present tariff act, as well as those for many years preceding, are taken into consideration, one is impressed with the view that it would have been entirely consistent and indeed expected that Congress, if it had specifically legislated upon the subject of Christmas trees, would have given them free entry. It has not, however, *eo nomine* provided therefor. The nearest approach to that result has been, as the board found, the provision for sticks in paragraph 1703.

\*   \*   \*   \*   \*   \*   \*

Notwithstanding our view that Congress may have intended to allow free entry to such crude articles as these trees, we think, nevertheless, it failed to so provide.

The word "timber" is defined in Funk & Wagnalls New Standard Dictionary as follows:

Timber, n. 1. Wood of suitable size and quality for building and allied purposes, cut, squared, sawed, or otherwise prepared for use, especially the larger forms of lumber adapted for beams, scantling, etc. 2. Growing or standing trees from which such wood may be obtained. In English law, oak, ash, and elm, and sometimes, by local custom, other kinds of trees; often called *standing timber*. 3. A single piece or squared stick of wood prepared for use, or already in use, in framing; a wooden beam, as, the *timbers* of the house are still strong.

The Christmas trees involved in this case are small "table trees." There is no other evidence as to their size. They are clearly not

within the dictionary definition of the word "timber." We are disposed to accept this definition rather than the personal understanding of the witnesses who testified for the importer. We see no reason for departing from our decision in *United States* v. *Tower & Sons,* *supra.*

The judgment is *affirmed.*