UNITED STATES *v.* DIXIE VENEER CO., INC., THE HIPAGE CO. (NO. 4468)[1]

---

[1] C. A. D. 288.

United States Court of Customs and Patent Appeals, October 30, 1944

*Paul P. Rao*, Assistant Attorney General (*Richard F. Weeks* and *Joseph F. Donohue*, special attorneys, of counsel), for the United States.

*Barnes, Richardson & Colburn* (*Eugene F. Blauvelt* of counsel) for appellees.

[Oral argument October 3, 1944, by Mr. Donohue and Mr. Blauvelt]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CON-NELL, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, First Division.

Merchandise, consisting of certain so-called "flitches" in varying lengths and irregular in other dimensions, produced from defective walnut logs which were sawed so as to eliminate their defective portions, and walnut half logs which were sawed longitudinally, was admitted free of duty under paragraph 1803 of the Tariff Act of 1930, but was assessed with an internal revenue tax of $1.50 per thousand feet, board measure, by the Collector of Customs at the port of Norfolk, Va., under section 601 (c) (6) of the Revenue Act of 1932, as amended by section 704 of the Revenue Act of 1938 (52 Stat. 570), as modified by the trade agreement with Canada, January 1, 1939 (74 Treas. Dec. 251, T. D. 49752).

Paragraph 1803, *supra*, so far as pertinent, reads:

PAR. 1803. Wood:

(1) Timber hewn, sided, or squared, otherwise than by sawing, and round timber used for spars or in building wharves; sawed lumber and timber, not further manufactured than planed, and tongued and grooved; all the foregoing not specially provided for: * * * .

(2) Logs; timber, round, unmanufactured; pulp woods; firewood, handlebolts, shingle bolts; gun blocks for gunstocks, rough hewn or sawed or planed on one side; and laths; all the foregoing not specially provided for.

Section 601 (c) (6) of the Revenue Act of 1932 reads:

Lumber, rough, or planed or dressed on one or more sides, except flooring made of maple (except Japanese maple), birch, and beech, $3 per thousand feet, board measure; but the tax on the articles described in this paragraph shall apply only with respect to the importation of such articles.

Section 704 of the Revenue Act of 1938, amending section 601 (c) (6), *supra*, provided, among other things, that the term "lumber," as used in the latter section, included "sawed timber." See 26 U. S. C. § 3424.

As modified by the trade agreement with Canada, section 601 (c) (6) reads:

| Revenue Act of 1932, as amended; section | Description of article | Rate of import tax |
|---|---|---|
| 601 (c) (6) | Lumber, including sawed timber, rough, or planed or dressed on one or more sides, except flooring made of maple, birch, and beech, and except lumber and timber of Northern white pine * * *. | $1.50 per thousand feet, board measure. |

In the majority opinion the trial court aptly described the involved merchandise and the manner of producing it as follows:

The logs were sawn down the middle, and each half also sawn down the middle to make four quarters in all. These were then examined, and the heart and sapwood, the latter being the whitewood directly underneath the bark, and, according to one of plaintiffs' witnesses, not considered a useful part of the wood, are trimmed off, as well as any imperfect section, the latter being caused by worm holes, rot, etc.

The flitches are of varying lengths, and, because of the various trimmings depending on the characteristics of the individual flitch, are not uniform as to other dimensions or number of sides, nor is any effort made to make the sides or edges parallel. Sample cross sections of two flitches are before us as illustrative exhibits A and B, the former having eight sides and the latter six sides, all irregular, not counting the ends.

The half logs are, in the words of one of plaintiffs' witnesses, "merely a cylindrical log which has been cut straight down the center of the log, from one end to the other, and made to open into two halves." These are then inspected, and if found to contain borers or worms are rejected and not shipped, only sound half logs being shipped.

It further appears from the evidence, as set forth by the trial court, that the sole purpose of producing the flitches in the manner set forth was to eliminate the undesirable portions of the logs and to reduce the cost of transportation; that the purpose of producing the half logs by sawing the logs longitudinally was to ascertain whether the logs were suitable for the purpose for which they were intended; and that the sawing of the flitches and the logs did not advance them in condition for their sole commercial use, that is, the making of veneer.

The trial court, in an opinion by Walker, Judge, Oliver, Presiding Judge, concurring and Cole, Judge, dissenting, held that the flitches and the half logs here involved were not subject to the internal revenue tax of $1.50 per thousand feet, board measure, and that they were free of duty under paragraph 1803, *supra*. In so holding, the court relied upon the common meaning of the term "timber" as defined in Webster's New International Dictionary, hereinafter referred to, and the testimony of appellees' witness, L. A. Daugherty, who had been in the wholesale lumber business for about 30 years selling lumber

and timber and who stated that those commodities had two common characteristics, that is, as stated by the witness, "They must have two parallel sides and two parallel edges. In other words that it is rectangular in shape; except such lumber as has been remanufactured from those shapes and made into finished lumber, like sheathing, siding, and flooring."

The term "timber" is very broad and should be interpreted in accordance with the context in which it is used. See *United States* v. *Nightingale*, 5 Ct. Cust. Appls. 79, T. D. 34104, and cases therein cited; *United States* v. *MacNaughton*, 5 Ct. Cust. Appls. 114, T. D. 34166; *United States* v. *Baxter et al.*, 9 Ct. Cust. Appls. 99, T. D. 37975; *Mitchell Co.* v. *United States*, 10 Ct. Cust. Appls. 104, T. D. 38371; and *F. W. Myers & Co. (Inc.)* v. *United States*, 16 Ct. Cust. Appls. 171, T. D. 42794, in which this court quoted with approval the definition of "timber" from Funk & Wagnalls New Standard Dictionary.

The term "timber" is defined by the lexicographers as follows:

*timber, n.* 1. Wood of suitable size and quality for building and allied purposes, cut, squared, sawed, or otherwise prepared for use, especially the larger forms of lumber adapted for beams, scantling, etc. 2. Growing or standing trees from which such wood may be obtained; in English law, oak, ash, and elm, and sometimes, by local custom, other kinds of trees: often called *standing timber*. 3. A single piece or squared stick of wood prepared for use, or already in use, in framing; a wooden beam; as, the *timbers* of the house are still strong.

In the timber trade, a *whole timber* is commonly applied to a log of wood one foot square in section; a *half timber* is the squared half of a whole timber; in the United States lumber trade, a *standard timber* is a balk of wood 6 by 5 inches in section, or a 6 by 6 inch piece regarded as the trade unit. (Funk & Wagnalls New Standard Dictionary, 1931.)

*timber.* 1. Wood. *a* Wood suitable for use in buildings, carpentry, etc., whether in the tree or cut and seasoned. *b* Forest land covered by trees producing such wood. * * * *d* A squared or dressed piece of wood, esp. one of comparatively large breadth and thickness, ready for use or already forming part of a structure; as, the *timbers* of a roof, floor *timbers*, etc. A *whole timber* is a squared log of wood, commonly 1 foot square in section; a *half timber* is either of the halves when this is made into two equal squared pieces. In the United States *timber*, in the lumber trade, is used specifically of a balk of wood 6 inches by 5 inches in section, a piece 6 inches by 6 inches being specif. called a *standard timber*. (Webster's New International Dictionary, 1932.)

It is the contention of counsel for the Government before this court, and it was the view expressed by Judge Cole in his dissenting opinion, that the term "sawed timber" as used in section 704, *supra*, and in section 601 (c) (6) of the trade agreement with Canada was without qualification and was intended to be used in its broadest significance.

In the brief of counsel for the Government the following statement appears:

It was stated to the Committee on Ways and Means of the 75th Congress, in its Hearings on the Revenue Revision 1938, that there was no question of the intent of Congress in the use of the word "lumber" and never had been; that the term

"lumber" included and always had included sawed timber (Hearings Revision of Revenue Laws 1938, p. 919).

The statement referred to was made by Mr. Wilson Compton, who was representing The National Lumber Manufacturers' Association. Should it be accepted as correct, a matter which we need not determine, it certainly does not support the position taken here by counsel for the Government.

It is interesting to note that in the Summary of Tariff Information, 1921, at page 1470, relative to H. R. 7456 (which later became the Tariff Act of 1922), the Tariff Commission reported to the Committee on Finance of the Senate that—

* * * The terms timber and lumber overlap. Timber is the broader term including at the one extreme a stand of growing trees of merchantable size and at the other the same trees sawed and squared for building purposes. Ordinarily the pieces of smaller cross section, such as boards, planks, deals, clapboard, and laths, are known as lumber, while the term timber is applied to the pieces of larger cross section, such as studding, floor beams, and rafters. The larger pieces of timber may be hewn with an axe or adze, though now sawing is more common for timber of all sizes. * * *

That statement, so far as the issues here are concerned, is supported by the dictionary definitions hereinbefore quoted, and is not contradicted by anything of record. Furthermore, as hereinbefore noted, the Congress by the enactment of section 704 of the Revenue Act of 1938, amending section 601 (c) (6) of the Revenue Act of 1932, provided that the term "lumber" should include sawed timber.

It is true that the framers of the Canadian trade agreement did not specifically provide in section 601 (c) (6) that the term "lumber" should include sawed timber as did the Congress in section 704, *supra*. We do not believe, however, that by providing in section 601 (c) (6) for "Lumber, including sawed timber, rough, or planed or dressed on one or more sides * * *" the framers of the trade agreement intended to extend the meaning of the term "sawed timber" to include timber other than the squared, sawed timber hereinbefore defined, and, therefore, did not contemplate that articles such as the flitches and half logs here involved should come within the provisions of that section.

For the reasons stated, the judgment is *affirmed*.