No. 56805.—John V. Carr & Son et al. v. United States, protests 146910–K, etc. (Detroit).

Johnson, Judge: The merchandise involved in these cases was described upon the various invoices as "Christmas trees." Duty was assessed thereon by the collector at the rate of 5 per centum ad valorem under paragraph 1558 of the Tariff Act of 1930, as amended by the Canadian Trade Agreement, T. D. 49752. The plaintiffs make various claims in the protests, that the trees are provided for in the "free schedules" of the tariff act and that there is no authority under section 350 of the act or its subsequent modifications for the transfer of any article between the dutiable and free lists and, therefore, that the eo nomine provision for "Evergreen Christmas trees" under the Canadian Trade Agreement is invalid. It is further claimed that the trees are more specifically provided for under paragraph 1772 as "Moss, seaweeds, and vegetable substances, crude or unmanufactured, not specially provided for," or under paragraph 1803 (2) as "* * * timber * * * unmanufactured * * * not specially provided for," or under paragraph 1806 as "other woods * * * in the rough * * *."

At the trial counsel for the plaintiffs contended that the trees were properly provided for under paragraph 1803 (2) of the Tariff Act of 1930, as amended, supra, as timber, unmanufactured, not specially provided for, without, however, abandoning the other various claims made in the protests.

The paragraph under which the merchandise was assessed, and the amendment thereto, provide as follows:

Par. 1558. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, * * *.

[Amended by the Canadian Trade Agreement, T. D. 49752, by specifically providing eo nomine therein the following]:

Evergreen Christmas trees, 5% ad val.

The paragraph of the Tariff Act of 1930 under which the merchandise is claimed to be duty-free, as amended by T. D. 49752, provides as follows:

PAR. 1803.   Wood:

(2)   Logs; timber, round, unmanufactured; pulp woods; firewood, handle bolts, shingle bolts; and laths; all the foregoing, not cabinet woods or balsa, and not specially provided for_____Free

At the trial, two Canadian growers and dealers in fir trees of various kinds testified on behalf of the plaintiffs.   The first witness, Martin Birkner, testified that he selects the trees he sells to wholesalers for use as Christmas trees and that it is common knowledge with him and with the handlers that the trees he ships are to be used as Christmas trees.   He testified that he sells the trees for the purpose of being used for Christmas trees.   However, his personal opinion was that the article did not become a Christmas tree until it was in the house and decorated. The witness admitted that he sells the trees for Christmas trees but that in the wholesale trade they are purchased as balsam, spruce, Scotch pine, etc., rather than as Christmas trees.   Respecting the common terms rather than the technical terms used in the market for trees, the witness testified:

R X Q.   You know they are earmarked for use at Christmas time?—A.   Like you said, common speaking you call them Christmas trees but that is only common speaking.

The second witness, Isaac Fogel, testified that he sold trees as balsam, spruce, Scotch pine, etc.   He professed to be unaware of the purpose for which trees were resold, although he sold about 200 carloads a season, amounting to 200,000 or more trees.   In that respect, the witness testified:

X Q.   Do you know what the dealers do with these trees that you sell to them?
    *        *        *        *        *        *        *
A.   I don't know, I have never been at their markets.

X Q.   You have no idea what the dealers do with them?—A.   No.
    *        *        *        *        *        *        *
X Q.   And all of those trees you sold I think you said could be used as Christmas trees; is that right?—A.   They could be used.

X Q.   They could be used as Christmas trees but you are not ready to say whether they were used as Christmas trees?—A.   I don't know.

It was the opinion of this witness also that a Christmas tree is only a Christmas tree when it was decorated in the house.

Counsel for the plaintiffs contends that the provision in paragraph 1558, as amended, *supra*, is ambiguous in its application to undecorated evergreens suitable for Christmas tree use and that such ambiguity must be resolved in favor of the importer.   It is further contended that the classification of the collector is erroneous for the reason that by commercial and dictionary definition the term "Christmas trees" is evergreen trees which are decorated with ornaments.   It is argued the a provision such as was inserted by the trade agreement with Canada, *supra*, can only be construed to mean such evergreen trees as are decorated, ornamented, illuminated, and bearing gifts or candies, and that since such importations are either nonexistent or extremely rare, great doubt is cast upon what the negotiators of the trade agreement intended by such specific provision.   It is further contended that the merchandise is either classified directly under the provision in paragraph 1803 (2) as "timber, round, unmanufactured" or under the rule of *ejusdem generis* as "wood" under paragraph 1803 of the Tariff Act of 1930, both being duty-free provisions.

Counsel for the Government contends that the trees in question were Christmas trees and properly classified by the collector as nonenumerated unmanufactured articles, as amended by T. D. 49752, *supra*.   In the brief filed by counsel for the Government, the legislative history of paragraph 1558 respecting Christmas trees is admirably summed up, as follows:

* * * In 1899, the Board of General Appraisers at New York, in a case reported in T. D. 21374, 2 Treas. Dec. 54, held that certain small, evergreen trees known as Christmas trees, were properly classifiable under Section 6 of the Tariff Act of 1897 (the predecessor to the present paragraph 1558 of the Tariff Act of 1930), and properly dutiable at 10 per centum ad valorem as nonenumerated, unmanufactured articles rather than free under the provisions of paragraph 617 of the said act as crude vegetable substances, or under paragraph 699 of the said act as unmanufactured timber, or under the provisions of paragraph 700 for logs in the rough. The latter two paragraphs are the predecessor of paragraph 1803 under which plaintiff claims herein. The Tariff Acts of 1909, 1913 and 1922 were passed with Congress fully aware of the decision in said T. D. 21372. This presents a case for the application of the doctrine of legislative ratification of judicial decision.

In 1925, this issue was again presented to the court in the case of *United States* v. *Tower & Sons*, 13 Ct. Cust. [Appls.] 214, T. D. 41128, wherein certain small evergreen trees commonly used as Christmas trees were classified as unmanufactured, nonenumerated articles under paragraph 1459 of the act of 1922 (predecessor to paragraph 1558 of the act of 1930). The protest claimed the trees entitled to free entry under either paragraph 1700 or 1703 of the same act (the predecessor paragraphs to the present paragraph 1803). The Court of Customs and Patent Appeals held that the trees were properly dutiable as classified by the Collector as nonenumerated, unmanufactured articles. This case was later followed in the case of *F. W. Myers & Co. (Inc.)* v. *United States*, 16 Ct. Cust. Appls. 171.

In 1934, in *Harry Biber* v. *United States*, 66 Treas. Dec. 900, Abstract 28605, this court held that evergreen trees without roots, used for Christmas trees, were properly classifiable as nonenumerated, unmanufactured articles under paragraph 1558 of the Tariff Act of 1930, citing with approval T. D. 21372, discussed *supra*.

When the Tariff Act of 1930 was passed, Congress was aware of the decisions of this court and the Court of Customs and Patent Appeals in the cases of *United States* v. *Tower & Sons* and *F. W. Myers & Co. (Inc.)* v. *United States*, cited *supra*.

For a second time, there was ratification of judicial decisions, and manifestly the intent of Congress was to retain the classification of Christmas trees under paragraph 1558.

In 1938, the negotiators of the Canadian Trade Agreement, T. D. 49752, also cognizant of the fact that though Christmas trees were not *eo nomine* provided for, but had always been classified as nonenumerated, unmanufactured articles under paragraph 1558, drafted in the Canadian Trade Agreement an *eo nomine* designation for evergreen Christmas trees and reduced the rate of duty from 10% ad valorem to 5% ad valorem.

In 1950, by Public Law 566, reported in 85 Treas. Dec. 179, T. D. 52502, evergreen Christmas trees, by act of Congress, were taken out of paragraph 1558 and afforded free entry under paragraph 1803, subdivision 2.

In the case of *Harry Biber* v. *United States*, *supra*, this court held that certain evergreen trees without roots, used for Christmas trees, were properly assessed for duty as raw or unmanufactured articles under paragraph 1558 of the Tariff Act of 1930 rather than as moss, seaweeds, and vegetable substances, crude or unmanufactured, under duty-free paragraph 1722, following the case of *Crosby* v. *United States*, T. D. 21372, where it was held that small evergreen trees cut off near the ground were properly dutiable as nonenumerated unmanufactured articles.

Although the witnesses in this case professed ignorance of the use to which the thousands of trees were devoted which they shipped into the United States just prior to the Christmas season, it is a fact of common knowledge that such trees are devoted exclusively to the use of Christmas trees. The legislative history of the subject and the judicial decisions pertaining thereto are abundantly clear that such evergreen trees are, in fact, commonly known and used as Christmas trees. All of the claims of the plaintiffs in these protests are overruled.

Judgment will be entered accordingly.